FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 29, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

HEATHER C.,

             Plaintiff,

             v.

FRANK BISIGNANO,
COMMISSIONER OF SOCIAL
SECURITY,[1]

             Defendant.

No. 4:24-CV-05054-JAG


ORDER GRANTING
PLAINTIFF'S MOTION

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF No. 7, 10. Attorney Chad Hatfield represents Heather C. (Plaintiff); Special Assistant United States Attorney Erin F. Highland represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2) as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 3. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion and **DENIES** Defendant's Motion.

## I.    JURISDICTION

Plaintiff protectively filed an application for Supplemental Security Income on June 28, 2018, alleging disability beginning February 12, 2018. Tr. 17, 111,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano, Commissioner of Social Security, is substituted as the named Defendant.

212-21.  The application was denied initially and upon reconsideration.  Tr. 130-34, 137-39.  Administrative Law Judge (ALJ) Stewart Stallings held a hearing on May 13, 2020,[2] Tr. 36-53, and issued an unfavorable decision on July 14, 2020.  Tr. 17-32.  The Appeals Council denied Plaintiff's request for review on September 16, 2020.  Tr. 1-6.  Plaintiff filed an action in district court and in an order dated March 20, 2023, this Court remanded the case for further administrative proceedings.  Tr. 960-74.  On August 26, 2023, the Appeals Council vacated the July 14, 2020, decision and remanded the case to the ALJ for further proceedings consistent with the order of this Court.  Tr. 982.

ALJ Stallings held a remand hearing on February 20, 2024, Tr. 919-34, and issued an unfavorable decision on March 21, 2024.[3]  Tr. 900-12.  The Appeals Council did not assume jurisdiction of the case, making the ALJ's March 21, 2024, decision the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on May 24, 2024.  ECF No. 1.

## II.     STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings, the ALJ's decision, and this Court's prior remand, and only briefly summarized here.  Plaintiff was born in 1986 and was 32 years old when she filed her

---

[2] Plaintiff did not appear at the 2020 hearing, but her representative appeared.  Tr. 17, 33.

[3] At the 2024 remand hearing, Plaintiff did appear and testify and, through her representative, requested a closed period of disability from February 18, 2018, through December 1, 2019, which the ALJ indicated he was granting.  Tr. 923, 927, 929-30.

application. Tr. 99, 911. She has a GED and CNA certification. Tr. 740. In 2010 she was bitten in the arm by a patient and subsequently developed an infection and complex regional pain syndrome (CRPS), resulting in limited use of her right arm. Tr. 433, 435, 720, 740. She also experienced several falls and reported low back and radicular pain, and imaging showed mild disc protrusions at several levels of her lumbar spine. *See, e.g.*, Tr. 435, 700. In May 2019 she had a spinal cord stimulator implanted, which gave her significant relief of her CRPS symptoms, and she returned to full time work later that year. Tr. 811, 833, 849, 922-23.

## III.   STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th

Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## V.    ADMINISTRATIVE DECISION

On March 21, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 900-12.

At ***step one***, the ALJ found that while Plaintiff had engaged in substantial gainful activity during periods since the alleged onset date, there was a continuous 12-month period during which she did not. Tr. 902-03.

At ***step two***, the ALJ determined Plaintiff had the following severe impairments: back injury with lumbar radiculopathy; and complex regional pain syndrome (CRPS) of the right upper extremity. Tr. 903.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 4

At ***step three***, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 906.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform sedentary work, with the following limitations:

> [Plaintiff] cannot operate foot controls with the left lower extremity; can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally balance, crouch, kneel, and crawl; could occasionally reach overhead with the right upper extremity; can frequently handle and finger with the right upper extremity; must avoid exposure to fumes, odors, dusts, gases, and poorly ventilated areas; and can never be exposed to moving machinery or unprotected heights.

Tr. 907.

At ***step four***, the ALJ found Plaintiff was unable to perform past relevant work.  Tr. 910-11.

At ***step five***, the ALJ found that, based on the 2020 testimony of vocational expert Richard Hinks, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of food and beverage order clerk; electronic semi-conductor assembler; and semi-conductor loader.  Tr. 911-12.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from at any time from the 2018 filing date through the date of the decision.  Tr. 912.

## VI.   ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability benefits under Title XVI of the Social Security Act.  The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff raises the following issues for review: (1) whether the ALJ erred by

denying Plaintiff due process in failing to consider her 2024 testimony and failing to properly evaluate the requested closed period of February 18, 2018 through December 1, 2019; (2) whether the ALJ conducted a proper step-two and step-three analysis; (3) whether the ALJ properly evaluated Plaintiff's subjective complaints; and (4) whether the ALJ failed to conduct an adequate analysis at step five. ECF No. 7 at 9.

## VII. DISCUSSION

### A. **Symptom Claims.**

Plaintiff contends the ALJ also failed to properly assess Plaintiff's symptom complaints. ECF No. 7 at 14-21. It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews,* 53 F.3d at 1039. The ALJ's findings, however, must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester* at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *see also Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) ("Ultimately, the 'clear and convincing' standard requires an ALJ to show [their] work[.]"). "Thus, to satisfy the substantial evidence standard, the ALJ must provide specific, clear, and convincing reasons which explain why the medical

evidence is *inconsistent* with the claimant's subjective symptom testimony."
*Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (emphasis in original).

Additionally, the law of the case doctrine applies in the Social Security context. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). Under the law of the case doctrine, a court is precluded from revisiting issues which have been decided—either explicitly or implicitly—in a previous decision of the same court or a higher court. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). The doctrine of the law of the case "is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Stacy*, 825 F.3d at 567. The rule of mandate is similar, but broader than, the law of the case doctrine. The rule provides that any "district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Stacy*, 825 F.3d at 567-68.

Here, this Court previously remanded the case, finding the ALJ failed to offer clear and convincing reasons for discounting Plaintiff's symptom reports in the 2020 decision. Tr. 965. This Court remanded the case for further administrative proceedings to reconsider Plaintiff's subjective testimony, including the progression of Plaintiff's symptoms over the years, and instructed the ALJ to make adequate findings as to Plaintiff's abilities both before and after her spinal cord stimulator implant, as well as to reconsider each of the steps of the sequential analysis, including a new step five determination with vocational expert testimony. Tr. 960-74; *see* Tr. 966-67, 970, 972.

In the previous remand order, this Court noted that the ALJ had determined Plaintiff's subjective complaints were unsupported by the objective evidence of record and undermined by evidence of limited treatment for CRPS, improvement with treatment, and Plaintiff's return to the workforce. Tr. 965. This Court

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

explained, however, that the ALJ's prior decision failed to consider the longitudinal record and was internally inconsistent, as the ALJ failed to explain how improvement in 2019 undermined Plaintiff's earlier claims of debilitating symptoms; and that her improvement took place after implantation of a spinal cord stimulator, after which she began to experience improvement in her CRPS symptoms. Tr. 966 (citing Tr. 802, 811, 833). This Court determined the ALJ's 2020 decision was insufficient in finding Plaintiff experienced improvement with this treatment but not addressing her capabilities for the preceding year and only issuing one RFC for the entire period. *Id*. This Court ordered the ALJ on remand to reconsider the entire relevant period and make adequate findings both before and after her spinal cord stimulator implant, comparing evidence of possible medical improvement to the evidence of her abilities prior to the improvement. *Id*.

The ALJ failed to follow this Court's remand order. First, the ALJ reused the same language, analysis, and reasons that were already rejected by this Court to discount Plaintiff's symptom claims; the 2024 ALJ also discounted Plaintiff's claims because she worked at SGA levels during the period at issue, she had only conservative treatment and improved with treatment, her complaints were inconsistent with the objective evidence or record, and because her activities were inconsistent with her symptom reports. Tr. 907-09. These are the same reasons found insufficient in the prior remand order, with the additional rationale that her activities were inconsistent with her symptom claims, and the ALJ reused most of the same language/analysis from the 2020 decision. *Compare* Tr. 907-09 *with* Tr. 22-23. This is insufficient.

By way of example, the ALJ used the same language and analysis that this Court previously rejected to discount Plaintiff's CRPS symptoms, including that "there is no evidence of any significant treatment or upper extremity complaints during the adjudication period," aside from "long term use of prescription pain

medicine." *Compare* Tr. 23 *with* Tr. 909. This rationale was already rejected by this Court, and the finding is also inaccurate, as placement of a spinal cord stimulator is established in the evidence of record as treatment for Plaintiff's CRPS, including upper extremity symptoms. *See, e.g.*, Tr. 593, 610, 614, 811, 925. Plaintiff also points out Plaintiff's symptoms as well as treatment with a spinal cord stimulator are consistent with Social Security Ruling 03-2p, the Agency's own policy for evaluating cases involving CRPS. *See* ECF No. 7 at 16-17. The ALJ also discounted all her treatment as conservative, despite surgical implantation of a spinal cord stimulator, long-term use of high dose opiate analgesics, and steroid injections, and records also show additional treatment, including ulnar transposition surgery. Tr. 435, 909.

The ALJ's analysis is insufficient, constitutes a failure to follow the prior remand order of this Court, and the misstatement of the evidence concerning Plaintiff's CRPS and treatment for this condition, despite two opportunities to review the medical evidence. This Court also previously explained that the ALJ's prior decision was internally inconsistent in finding that Plaintiff experienced improvement with implantation of a spinal cord stimulator, but in failing to address her capabilities for the preceding year, and ordered the ALJ upon remand to "reconsider the entire relevant period, and make adequate findings as to Plaintiff's abilities both before and after her spinal cord stimulator implant, comparing the evidence of possible medical improvement to the evidence of her abilities prior to the improvement. Tr. 966. Upon remand, Plaintiff acknowledged her improvement after implantation of the spine stimulator and requested a closed period of disability at the 2024 hearing, but the ALJ did not acknowledge this, or anything that occurred at the 2024 remand hearing, in the 2024 written decision and again failed to make findings as to Plaintiff's abilities before and after her implant, as previously ordered by this Court. Tr. 900-12.

In fact, the ALJ's 2024 decision indicated Plaintiff again failed to appear at the 2024 hearing (although she did appear and testify), and the ALJ did not mention Plaintiff's requested closed period or discuss Plaintiff's testimony or the 2024 testimony of a new vocational expert. Tr. 900-12. Review of the 2024 hearing transcript, however, shows that not only did the ALJ hear new testimony concerning Plaintiff's upper extremity and other limitations prior to surgical placement of a spinal cord stimulator, the ALJ also took new vocational expert testimony; and based on this testimony the ALJ appeared to accept Plaintiff's request for a closed period of disability, informing Plaintiff that she would be receiving benefits for the closed period. Tr. 921-32.

Accordingly, the ALJ erred as he failed to discuss new evidence received at the hearing, indicated that Plaintiff did not appear at the remand hearing, failed to account for the updated testimony of Plaintiff and the vocational expert, and failed to address the requested closed period, which the ALJ also appeared to grant at the hearing. Tr. 900-912. The multiple errors result in a misstatement and/or mischaracterization of the record, as the ALJ failed to discuss a hearing record where the same ALJ appeared to grant Plaintiff benefits; and the ALJ failed to follow the remand order of this Court, which ordered the ALJ to reconsider the testimony of Plaintiff and to reperform the sequential analysis, including the step five analysis, with updated vocational expert testimony.

While Defendant contends any error was harmless, Defendant does not address any failure to follow the remand order and does not acknowledge the ALJ's repeat mischaracterization of the record concerning Plaintiff's CRPS and treatment. *See* ECF No. 10 at 3. An error is harmless where it is nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion. *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). An error is harmful, however, unless the reviewing court "can confidently conclude that no

ALJ, when fully crediting the [evidence], could have reached a different disability determination." *Id.* at 1056. Here, the ALJ misstated/mischaracterized the evidence and reused analysis previously rejected by this Court, indicated Plaintiff did not appear and failed to address her updated testimony, failed to account for vocational expert testimony that supported a requested closed period of disability, and failed to follow the remand order. As this very ALJ appeared to reach a different disability determination when properly considering Plaintiff's testimony and updated vocational expert testimony at the hearing, the errors were harmful.

The ALJ's incomplete summary of the evidence, misstatement of the record, and conclusory statements also fail to meet the burden of "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Trevizo v. Berryhill*, 871 F.3d 644, 675 (9th Cir. 2017) (internal citations omitted). Accordingly, the ALJ's characterization of the record is not supported by substantial evidence.

The ALJ did offer a new reason to discount Plaintiff's symptom claims, as the ALJ found Plaintiff's activities of daily living were consistent with her ability to perform work within the RFC. Tr. 909. The ALJ may consider a claimant's activities that undermine reported symptoms. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Molina v. Astrue,* 674 F.3d 1104, 1113 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a). Here, the ALJ noted only that Plaintiff was "able to drive, go out alone, shop and socialize." Tr. 909. The ALJ provides no discussion or analysis of such activities, however, and none appear inconsistent with Plaintiff's allegations of chronic pain and other symptoms preventing her from

ORDER GRANTING PLAINTIFF'S MOTION . . . - 11

working a full-time job during the period at issue, especially the requested closed period. *Id*. Without further analysis, the ALJ's conclusion that Plaintiff's activities did not support her allegations of disabling symptoms is not supported by substantial evidence and this was also not a clear and convincing reason to discount Plaintiff's symptom claims.

As discussed in the prior remand order, objective evidence cannot stand alone as a reason to reject symptom reports. *See* Tr. 967. Here, the ALJ reused reasons and analysis already discounted by this Court and failed to provide any new clear and convincing reasons supported to substantial evidence to discount Plaintiff's symptom claims. Accordingly, the ALJ failed to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's claim. The ALJ also erred as he misstated/mischaracterized the record and failed to follow this Court's remand order.

Upon remand the ALJ will reconsider Plaintiff's symptom claims. If discounting her claims, the ALJ will provide clear and convincing reasons supported by substantial evidence. If Plaintiff again requests a closed period, the ALJ will consider her claims for the actual period at issue, avoiding rationale already rejected by this Court. The ALJ will also reconsider all medical evidence with the assistance of medical expert testimony to ensure proper consideration of her impairments as well as any treatment for such impairments.

**B.    Step Five.**

Plaintiff contends the ALJ also failed to conduct an adequate step-five analysis. ECF No. 7 at 21. As discussed *supra*, this Court previously ordered the ALJ to make a new step five determination and obtain vocational expert testimony. Tr. 972. While the ALJ took the testimony of a new vocational expert at the 2024 remand hearing, the ALJ failed to acknowledge or discuss the testimony in the 2024 decision, despite the fact the vocational expert determined there were no jobs

available for Plaintiff during the closed period at issue; the ALJ instead used the vocational expert testimony and job numbers from the 2020 hearing, without explanation. *Compare* Tr. 24-25 *with* 910-12. On this record, without some discussion of the 2024 hearing, updated vocational expert testimony, and the requested closed period, the ALJ's step five findings are insufficient.

As the claim is remanded for the reasons discussed *supra*, the Court declines to further address this issue. Upon remand the ALJ will reperform the sequential analysis including the step five analysis, recalling a vocational expert and obtaining updated testimony and job numbers, if applicable.

## C.    <u>Step Two and Step Three</u>.

Plaintiff contends the ALJ also failed to conduct an adequate step-two analysis and step-three analysis. ECF No. 7 at 13-14. As the case is remanded for the reasons discussed *supra*, the Court declines to reach these additional issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."). Upon remand the ALJ will reperform the sequential analysis with the assistance of medical expert testimony, making new findings at each step.

## VIII.    CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and not free of harmful legal error. Plaintiff urges this Court to remand for an immediate award of benefits. "The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*,

880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison*, 759 F.3d at 1020 (citations omitted).

Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, however, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

The Court acknowledges this is the second remand for this claim but due to need for further development of the record declines to remand for benefits. The Court finds further proceedings are necessary to resolve conflicts in the record, determine and reconsider the actual period at issue, consider Plaintiff's testimony and the full record, including record of the 2024 hearing, obtain updated testimony and/or further develop the record as needed, and to determine whether there is a pending Title II claim or any other issues. *See* Tr. 930. As such, the case is remanded for further proceedings consistent with this Order.

On remand, the ALJ will determine the actual period at issue, update the medical record, as necessary, and reevaluate the evidence of record with the

ORDER GRANTING PLAINTIFF'S MOTION . . . - 14

assistance of medical expert testimony. The ALJ is instructed to perform the sequential analysis anew, making new findings on each of the five steps of the sequential evaluation process, and to reassess Plaintiff's symptom claims, taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1.      Plaintiff's Motion to remand, **ECF No. 7**, is **GRANTED**.

2.      Defendant's Motion to affirm, **ECF No. 10**, is **DENIED**.

3.      The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.      An application for attorney fees may be filed by separate motion.

5.      The District Court Executive is directed to update the docket sheet to reflect the substitution of Frank Bisignano as Defendant and to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED September 29, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE